IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**WALTER BRYANT, JR., # 211613**                                                                **PLAINTIFF**

**VERSUS**                                                                **CAUSE NO. 3:22cv751-KHJ-MTP**

**MEGAEL CRUZ, JOHN DOES, and
NURSE PINTER**                                                                **DEFENDANTS**

### REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Nurse Pinter's Motion to Dismiss [21] and Brief in Support [22] and Defendant Megael Cruz's Joinder [24], Motion for Summary Judgment for Failure to Exhaust Administrative Remedies [28], and Memorandum in Support [29]. Having considered the record and the applicable law, the undersigned recommends that the motions be denied.

### BACKGROUND

Pro se Plaintiff Walter Bryant, Jr., is incarcerated with the Mississippi Department of Corrections ("MDOC") and is housed at the Walnut Grove Correctional Facility in Walnut Grove, Mississippi. Defendant Captain Megael Cruz is a correctional officer at the prison, and Defendant Nurse Pinter is also employed there. On December 23, 2022, Bryant alleges he was subjected to excessive force and subsequently denied medical care. Plaintiff alleges that he submitted a grievance, but it was rejected. (Attachment [6] at 1-2).

Bryant initiated this action against Captain Cruz, Nurse Pinter, and two John Doe officers under 42 U.S.C. § 1983 for excessive force and denial of medical treatment. The Complaint was mailed on December 28, 2022. On July 5, 2023, Pinter filed a motion under Federal Rule of Civil Procedure 12(b)(6), arguing the Complaint demonstrates that Plaintiff failed to exhaust administrative remedies, and Cruz joined the motion. On October 23, Cruz filed a Motion for

Summary Judgment asserting that Bryant did not exhaust his administrative remedies prior to filing suit.

DISCUSSION

MOTION TO DISMISS [21] AND JOINDER [24]

First, the undersigned addresses the Motion to Dismiss. To survive a Rule 12(b)(6) motion to dismiss, Bryant must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This does "not require heightened fact pleading of specifics." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555-56. The Court must view the facts in favor of the plaintiff. *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002).

The complaint need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Bell Atlantic*, 550 U.S. at 555)).

According to the Prison Litigation Reform Act, "No action shall be brought with respect to prison conditions under . . . Federal law, by a prisoner confined in any . . . prison . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In other words, a prisoner is required to exhaust available remedies with the prison prior to filing such a suit. *Dillon v. Rogers*, 596 F.3d 260, 265 (5th Cir. 2010). However, exhaustion is an affirmative defense, which Plaintiff is not required to plead. *Jones v. Bock*, 549 U.S. 199, 216

(2007). Since non-exhaustion is an affirmative defense, Defendants bear the burden to prove Plaintiff failed to exhaust. *Dillon*, 596 F.3d at 266. If, however, "the complaint itself makes clear that the prisoner failed to exhaust," then it may be dismissed for failure to state a claim. *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007).

Defendants argue that Bryant pleads that "the" administrative grievance he filed was the one he filed in the Attachment [6], that grievance only addressed excessive force, and the grievance was not rejected until after the Complaint was filed. (Mot. to Dismiss at 2). Bryant's Attachments do not purport that was the only administrative request he filed, just that it is "documentation of *an* Administrative Remedy Program ["ARP"], documented exhibit, p[er]taining to an incident." (Pl.'s Ltr. [7] at 1) (emphasis added). He then complains that he has not been given a copy of the inmate handbook. To determine whether this was the only grievance he filed, the Court would be required to look outside of the pleadings.

Moreover, Defendants do not explain what procedures were available for Bryant to exhaust or whether he was aware of them, and the procedures do not appear in Plaintiff's pleadings. Although Defendants ask the Court to take judicial notice of the current Inmate Handbook on MDOC's website for administrative remedy procedures, the handbook's cover page indicates it was revised in 2023. It is thus not clear what administrative procedures were in place, if any, during the applicable period of this case. Since the Court cannot tell "whether the procedures were the same during the relevant time, . . . the state's website is of no help here." *Cantwell v. Sterling*, 788 F.3d 507, 509 (5th Cir. 2015). "Without knowing what the applicable procedures say, it's impossible to determine whether [Bryant] exhausted them." *Id.* It is error to dismiss a prisoner's complaint under Rule 12(b)(6) for failure to exhaust with no record of the

3

applicable administrative procedures.  *Prescott v. Plybol*, 855 F. App'x 952, 954 (5th Cir. Aug. 11, 2021) (reversing 12(b)(6) exhaustion dismissal where defendants "never introduced the procedures as evidence").

Since Plaintiff did not plead that he failed to exhaust available administrative remedies, the undersigned recommends denying the Motion to Dismiss per Rule 12(b)(6) and Joinder.

MOTION FOR SUMMARY JUDGMENT [28]

As for Cruz's Motion for Summary Judgment, it should only be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  To make this determination, the Court must view the evidence in the light most favorable to the non-moving party.  *Abarca v. Metro. Transit Auth.*, 404 F.3d 938, 940 (5th Cir. 2005).  A "material fact" is one that might affect the outcome of the suit under the governing law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A genuine dispute about a material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party.  *Id.*  The party that bears the burden of proof at trial also bears the burden of proof at the summary judgment stage.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-26 (1986).  The Court considers evidentiary materials cited by the parties and may also "consider other materials in the record."  Fed. R. Civ. P. 56(c)(3). The Court is not permitted to make credibility determinations or weigh the evidence.  *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009).  Whether a prisoner has exhausted is a mixed question of law and fact.  *Dillon*, 596 F.3d at 266.

Cruz argues that the evidence shows Bryant failed to exhaust his administrative remedies. Since non-exhaustion is an affirmative defense, Cruz bears the burden to prove Plaintiff failed to

exhaust. *Id.* Therefore, Cruz "must establish beyond all peradventure all of the essential elements of the defense of exhaustion to warrant summary judgment in [his] favor." *Id.*

"To determine what remedies are 'available' . . . we look to 'the applicable procedural rules . . . defined . . . by the prison grievance process itself.'" *Huskey v. Jones*, 45 F.4th 827, 831 (5th Cir. 2022) (quoting *Wilson v. Epps*, 776 F.3d 296, 299 (5th Cir. 2015)). As with the Motion to Dismiss, however, this Court is asked to take judicial notice of the Inmate Handbook on MDOC's website. The undersigned declines to do so for the reasons previously discussed. As the handbook references 2023 revisions, it is not clear what procedures were applicable to Bryant's claims.

Because Cruz has not established beyond all peradventure that Plaintiff failed to exhaust available remedies, the undersigned recommends denying the Motion for Summary Judgment. The undersigned further recommends that the denial be without prejudice as the motion was filed prior to the Omnibus hearing and prior to all parties to having full access to Plaintiff's ARP file. The undersigned further recommends that the Defendants be ordered to produce Plaintiff's ARP file and the applicable ARP procedures to Plaintiff within 30 days and that the Defendants be granted leave to reassert a motion for summary judgment on exhaustion grounds within 30 days.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Defendant Nurse Pinter's Motion to Dismiss [21] and Defendant Megael Cruz's Joinder [24] be DENIED. The undersigned further recommends that Defendant Cruz's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies [28] be DENIED WITHOUT PREJUDICE, with directions to Defendants to produce Plaintiff's Administrative Remedy Program file and the

5

applicable Administrative Remedy Program procedures to Plaintiff within 30 days, and that the Defendants be granted leave to reassert another motion for summary judgment on exhaustion grounds within 30 days.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this Recommendation, may serve and file written objections to the Recommendation, with a copy to the District Judge, the Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject, or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to the Magistrate Judge with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This, the 6th day of November, 2023.

s/ Michael T. Parker
UNITED STATES MAGISTRATE JUDGE