**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**WALTER BRYANT, JR., # 211613**                                          **PLAINTIFF**

**VERSUS**                                          **CAUSE NO. 3:22cv751-KHJ-MTP**

**MEGEAL CRUZ, JOHN DOES, and
NURSE PINTER**                                          **DEFENDANTS**

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Megeal Cruz's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies [38] and Defendant Nurse Pinter's Motion for Summary Judgment [42].   Having considered the Defendants' submissions, the record, and the applicable law, the undersigned recommends that the motions be granted.

## BACKGROUND

Plaintiff Walter Bryant, Jr., filed this Complaint, via the prison mailbox rule, on or about December 28, 2022.   (Compl. Ex. [1-1] at 1).   He is incarcerated at the Walnut Grove Correctional Facility in Walnut Grove, Mississippi.   Defendants Captain Megeal Cruz and Nurse Pinter are employed at the prison.   Bryant alleges that on December 23, 2022, he was subjected to excessive force and subsequently denied medical care.

Bryant initiated this action against Captain Cruz, Nurse Pinter, and two John Doe officers under 42 U.S.C. § 1983 for excessive force and denial of medical treatment.   Defendants moved for summary judgment, arguing Plaintiff did not exhaust his administrative remedies.   He responds that he "did follow the administrative remedy step process dated back to 12/27/22." (Pl.'s Resp. [45] at 2).

**DISCUSSION**

A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To make this determination, the Court must view the evidence in the light most favorable to the non-moving party. *Abarca v. Metro. Transit Auth.*, 404 F.3d 938, 940 (5th Cir. 2005). A "material fact" is one that might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute about a material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* The party that bears the burden of proof at trial also bears the burden of proof at the summary judgment stage. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-26 (1986). The Court considers evidentiary materials cited by the parties and may also "consider other materials in the record." Fed. R. Civ. P. 56(c)(3). The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). Whether a prisoner has first exhausted his administrative remedies is a mixed question of law and fact. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).

According to the Prison Litigation Reform Act, "No action shall be brought with respect to prison conditions under . . . Federal law, by a prisoner confined in any . . . prison . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In other words, a prisoner is required to exhaust available remedies with the prison prior to filing such a suit. *Dillon*, 596 F.3d at 265. Since non-exhaustion is an affirmative defense, Defendants bear the burden of proving Plaintiff failed to exhaust. *Id.* at 266. Therefore, Movants "must establish beyond all peradventure all of the essential elements of the defense of exhaustion to

2

warrant summary judgment in their favor."   *Id.*

  "To determine what remedies are 'available' . . . we look to 'the applicable procedural rules . . . defined . . . by the prison grievance process itself.'"   *Huskey v. Jones*, 45 F.4th 827, 831 (5th Cir. 2022) (quoting *Wilson v. Epps*, 776 F.3d 296, 299 (5th Cir. 2015)).   Remedies are available so long as they are "'capable of use' to obtain 'some relief for the action complained of.'"   *Huskey*, 45 F.4th at 831 (quoting *Ross v. Blake*, 578 U.S. 632, 642 (2016)).   A prisoner's grievance needs only be specific enough to give prison officials a "fair opportunity to address the problem that will later form the basis of the lawsuit."   *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004).

  The parties agree that MDOC has an Administrative Remedy Program ("ARP").   (Pl.'s Resp. [45] at 1); (Cruz's Mot. Summ. J. Ex. 2 at 20-21); (Pinter's Mot. Summ. J. at 2).   This is a two-step administrative procedure to resolve inmate grievances.   (Cruz's Mot. Summ. J. Ex. 2 at 20-21).   Generally, the inmate must first present his grievance in writing.   *Id.* at 20.   The grievance will then either be accepted or rejected for certain procedural reasons.   *Id.* at 20-21. If the grievance is accepted, then it is directed to a prison official for resolution at the First Step level.   *Id.* at 20.   If the inmate is unsatisfied with the First Step Response, he appeals in writing to the Second Step level.   *Id.*   A prison official then responds to the Second Step request.   *Id.* If the inmate is unsatisfied with the Second Step response, then he may seek judicial review.   *Id.*

  While Bryant argues that he *began* the ARP process before he filed his Complaint on December 28, 2022, at the *Spears* hearing, he admitted that he did not *complete* the process before that time.   Indeed, the exhibits demonstrate that he filed two different ARP grievances before he filed the Complaint, one on December 24, 2022 (four days before he filed the

3

Complaint) and one on December 27, 2022 (the day before he filed the Complaint). (Am. Cooley Aff. [41] at 4, 15). The first grievance was rejected in January, 2023. *Id.* at 13. The second grievance did not receive a First Step response until February, 2023, which Plaintiff appealed to the Second Step. *Id.* at 7.

It is undisputed, therefore, that Bryant did not *complete* the ARP process prior to filing his Complaint. While he asserts that he "has been denied time and assistance to be able to properly display his claims," he does not provide any evidence that he was denied help with the ARP process or when he was denied the help. (Pl.'s Resp. [45] at 1). Indeed, he only initiated the process just a day or two before filing this lawsuit. Because he failed to exhaust his administrative remedies prior to filing this lawsuit, it must be dismissed without prejudice. *See*, 42 U.S.C. § 1997e(a); *Dillon*, 596 F.3d at 265 (holding prisoner must exhaust his administrative remedies prior to filing a § 1983 suit).

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Defendant Megeal Cruz's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies [38] and Defendant Nurse Pinter's Motion for Summary Judgment [42] be **GRANTED** and this case be dismissed without prejudice for failure to exhaust administrative remedies.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this Recommendation, may serve and file written objections to the Recommendation, with a copy to the District Judge, the Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject, or modify in whole or in part, the

recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to the Magistrate Judge with instructions.   Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court.   *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      This, the 11th day of April, 2024.

s/ Michael T. Parker
UNITED STATES MAGISTRATE JUDGE
