UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WALTER BRYANT, JR.                                                              PLAINTIFF

V.                                               CIVIL ACTION NO. 3:22-CV-751-KHJ-MTP

CAPTAIN CRUZ, et al.                                                         DEFENDANTS

ORDER

Before the Court is the [46] Report and Recommendation of United States Magistrate Judge Michael T. Parker. The Report recommends granting Defendants' [38] and [42] Motions for Summary Judgment. The Court adopts the Report, grants both motions, and dismisses this case without prejudice.

Pro se Plaintiff Walter Bryant, Jr., is incarcerated in a state prison. *See* Compl. [1] at 3. His Section 1983 suit alleges that prison officials used excessive force and then denied him medical care for his injuries. *See id.* at 1–3. Defendants Captain Cruz and Nurse Pinter each moved for summary judgment, arguing that Bryant failed to exhaust his administrative remedies before filing suit. [38]; [42].

The Report recommends granting both motions. [46] at 1. It explains:

> While Bryant argues that he *began* the ARP process before he filed his Complaint on December 28, 2022, at the *Spears* hearing, he admitted that he did not *complete* the process before that time. Indeed, the exhibits demonstrate that he filed two different ARP grievances before he filed the Complaint, one on December 24, 2022 (four days before he filed the Complaint) and one on December 27, 2022 (the day before he filed the Complaint). . . . Because he failed to exhaust his administrative remedies prior to filing this lawsuit, it must be dismissed without prejudice.

*Id.* at 3–4 (citing *Dillon v. Rogers*, 596 F.3d 260, 265 (5th Cir. 2010)); *see also Bargher v. White*, 928 F.3d 439, 447 (5th Cir. 2019) ("Failure to exhaust . . . warrants dismissal without prejudice, which permits the litigant to refile if he exhausts or is otherwise no longer barred by the PLRA requirements."). The Report notified Bryant that failure to file written objections would bar further appeal in accordance with 28 U.S.C. § 636. *See* [46] at 4–5.

When no party objects to a Magistrate Judge's report, the Court need not review it de novo. *See* 28 U.S.C. § 636(b)(1). Instead, the Court can apply the clearly erroneous, abuse-of-discretion, and contrary-to-law standard of review. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

Bryant did not object to the Report, and the time to do so has passed. The Court finds that the Report is not clearly erroneous or contrary to law. So the Court adopts the Report as the opinion of this Court.

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court ADOPTS the [46] Report and Recommendation of United States Magistrate Judge Michael T. Parker; GRANTS Defendants Captain Cruz's [38] and Nurse Pinter's [42] Motions for Summary Judgment; and DISMISSES this case without prejudice. The Court will issue a separate final judgment consistent with this Order.

SO ORDERED, this 6th day of May, 2024.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE